OPINION OF THE COURT
FUENTES, Circuit Judge.
In 1985, Petitioner/Appellee Alexander Hart began serving a 10-20 year sentence after pleading guilty to aggravated assault, robbery, burglary and criminal conspiracy. He became eligible for parole on May 25, 1995, and was denied parole five times between October 1995 and November 2000, largely based on the Pennsylvania Parole Board’s determination that he posed a continued threat to the community. Meanwhile, in 1995 and 1996, the Pennsylvania Parole Act was amended to shift the focus of the parole program from prisoner rehabilitation to protection of public safety. Hart filed a Petition for a Writ of Habeas Corpus in September 2001, asserting, among other things, that Appellants rejected his parole request based on the Parole Act amendments and that, because these amendments postdated his conviction, their application to his parole requests violated the Ex Post Facto clause of the Constitution. The District Court agreed, relying on this Court’s decision in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3rd Cir.2003), cert. denied, — U.S.-, 124 S.Ct. 229, —• L.Ed.2d - (2003). The District Court accordingly remanded to the Board for a new hearing by the Pennsylvania Parole Board under the standards of the Pennsylvania Parole Act prior to the amendments of 1995 and 1996.
On appeal, the state officials do not contend that Mickens-Thomas is distinguishable from the case before us, nor do they argue that the District Court improperly applied that case. Rather, the state officials contend that Mickens-Thomas was wrongly decided and ought to be overruled by the Court en banc. Appellants’ Br. at 16. Specifically, they contest that the Mickens-Thomas court’s ruling that the Parole Board understood the Parole Act amendments as substantively changing Pennsylvania law. Appellants argue that the Mickens-Thomas court should have looked only to legislative intent, not to the Parole Board’s understanding of that intent; alternatively, Appellants assert that the Mickens-Thomas court misread the *278 Parole Board’s understanding of the Parole Act amendments.
Mickens-Thomas is a binding precedential opinion, and can only be overturned by an en banc panel of this Circuit or by the Supreme Court. E.g., Blair v. Scott Specialty Gases, 283 F.3d 595, 610-11 (3rd Cir.2002); see also Hollawell v. Gillis, No. 99-3996, 65 Fed. Appx. 809, 816 (3rd Cir. Apr.23, 2003) (“this panel of the court cannot, as the Commonwealth would like, overrule Mickens-Thomas even if we might disagree with it”). We note that the court en banc of this Circuit denied the petition for rehearing, and that on October 6, 2003, the Supreme Court denied the petition of the Pennsylvania Parole Board for certiorari. Mickens-Thomas, therefore, is the law of this Circuit. Here, after carefully examining the record and the arguments presented, the District Court determined that remand to the Parole Board was warranted based on the teachings of Mickens-Thomas. We discern no error in the District Court’s ruling. Accordingly, we affirm the District Court’s judgment.
ALITO, Circuit Judge, concurring.